IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| ARMY NAVY COUNTRY CLUB<br>1700 Army Navy Drive<br>Arlington, VA 22202<br><br>　　Plaintiff,<br><br>　　v.<br><br>LS INTERIORS, LLC<br>8600 Foundry Street<br>Suite 206 – Mill Box 2084<br>Savage, Maryland 20763<br><br>And<br><br>LISA D. STANLEY<br>a/k/a　Lisa D. Gorczynski<br>a/k/a　Lisa D. Rigby<br>8687 Cross Hive Court<br>Columbia, Maryland 21045<br><br>　　Defendants | Civil No. 1:24:cv-000848 |

**COMPLAINT FOR MONEY JUDGMENT**

　　Plaintiff Amry Navy Country Club, by and through its undersigned attorneys, hereby sues Defendants LS Interiors, LLC and its member Lisa D. Stanley for money damages, and in support hereof states:

**Parties and Jurisdiction**

　　1.　　Plaintiff Army Navy Country Club ("ANCC") is a non-profit corporation formed and existing under the laws of the District of Columbia, with principal offices located at 1700 Army Navy Drive, Arlington, VA 22202.

　　2.　　Defendant LS Interiors, LLC ("LS Interiors") is a limited liability company formed and existing under the laws of the State of Maryland, with principal offices located at 8600 Foundry Street, Suite 206, Savage, Maryland 20763.

1

3.      Defendant Lisa D. Stanley (a/k/a Lisa D. Gorczynski and a/k/a Lisa D. Rigby) ("Stanley") is an individual who, upon information and belief, has a residential address of 8687 Cross Hive Court, Columbia (Howard County), Maryland 21045.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff (a corporation formed and existing under the laws of the District of Columbia with principal offices located in Arlington, Virginia) and the Defendant (a Maryland limited liability company) owned and managed by an individual who is also a citizen of the State of Maryland, and the amount alleged to be in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5.      Venue is proper in the United States District Court for the District of Maryland, Northern Division under 28 U.S.C. § 1391, because the Defendants reside in Howard County, Maryland and a substantial part of the events or omissions giving rise to the claims occurred here in Maryland where the Defendant's principal office is located.

6.      This Court has personal jurisdiction over Defendants because they are citizens of the State of Maryland.

**<u>Facts Relevant to All Counts</u>**

7.      At all times relevant to the matters addressed herein, ANCC and LS Interiors were parties to a contract(s) for interior design services pursuant to which ANCC contracted with LS Interiors to provide design/consultation services and furniture, fixture and equipment ("FFE") procurement and purchase services in connection with the ANCC's project to renovate portions of the ANCC Clubhouse, including specifically the "Grille Room" (collectively as the "Project").

8. The initial contract between ANCC and LS Interiors is represented by a Design Proposal prepared and delivered by LS Interiors and signed by ANCC as of April 29, 2022, having a fixed-fee price of $24,600 (the "Contract").

9. To establish a billing and payment mechanism for LS Interiors, ANCC issued Purchase Order ("PO") No. 48877 in the amount of $25,600, representing the full amount of the Proposal plus an additional $1,000 Project Management Retainer Fee.

10. As the Project progressed, the scope of LS Interior's services for the Project expanded, and as a result of the expansion of LS Interiors' services, ANCC issued supplemental POs to LS Interiors to confirm the agreed terms upon which LS Interiors' services were being expanded, and to amend and increase the total value of the services required.

11. By way of example, and not in limitation in anyway:

   (1) ANCC issued PO No. 49044 dated December 6, 2022, in the amount of $220,726.98 to confirm ANCC's acceptance of LS Interiors' Proposal No. PR-ANCC-10217 for the selection and purchase of FFE for the Grille Room and for the installation of wallpaper; and

   (2) ANCC issued PO No. 49326 dated November 1, 2023, in the net amount of $220,756.27 to confirm ANCC's acceptance of LS Interiors' proposal in the amount of $354,000 (less a promised credit of $189,021.73 for payments previously received by LS Interiors for the initial FFE) as a substitute for FFE purchased pursuant to PO 49044, and to otherwise document changes and credits to the Contract that were mutually accepted by the parties.

12. Specific to the causes of action stated herein, ANCC's PO No. 49326 was issued in November 2023 after it was determined that the FFE that was selected by LS Interiors

pursuant to PO 49044 was not acceptable to ANCC, and after discussions between ANCC and LS Interiors, the parties agreed that new selections for the FFE would be made.

13.     In response to those specific discussion concerning the FFE, by email dated October 20, 2023, Stanley confirmed in writing to ANCC that the vendor(s) responsible for the FFE that Stanley represented that she had already purchased would be willing to refund the order for a nominal restocking fee of only $12,168, together with some other nominal charges (e.g. delivery, etc.).

14.     In Stanley's October 20, 2023, email she also advised "everything is available for a January 2024 delivery if we order this week.  I've asked them to start production of the chairs and put aside tables to finish so we don't have delays… I'll need to send an invoice for the remaining balance for the additional expenditures and will do that as soon as I hear from you."

15.     As a follow up to her October 20, 2023 email, Stanley wrote to ANCC on October 29, 2023 and stated "I am really concerned about getting orders placed since the deadline was last week for a January delivery. They can expedite but I must get the orders in ASAP."

16.     In reliance about Stanley's representations concerning the availability of the replacement FFE that had been selected, and other inducements including the necessity for placing and paying for the order promptly in October 2023, ANCC issued PO  49326.

17.     After accounting for the credit of $189,021.73 promised by LS Interiors against the new FFE pricing of $354,000 (as stated in PO No. 49326 for the replacement furniture selections), PO 49326 was issued in the net additional amount of $220,756.27.

18.     By virtue of the issuance of POs 48877, 49044, and 49326 as stated above, the total revised value of the Contract between ANCC and LS Interiors was increased from $24,600.00 to $467,083.25 (the "Revised Contract Price").

19. As of the date of the filing of this Complaint, the full Revised Contract Price has been paid to LS Interiors, as specifically requested by Stanley.

20. Beginning in January 2024, the tone of the communications with Stanley concerning the anticipated delivery date for the FFE for the Project changed.

(1) First, by email dated January 11, 2024, Stanley first advised ANCC of the existence of a delay on a "couple of items."

(2) By email dated February 14, 2024, Stanley advised the supplier was "out of stock with a couple tables and 17 chairs. I'm trying to convince them to deliver what they have but will keep you posted!"

(3) By email dated February 24, 2024, Stanley advised "I doubt we are going to have everything on [March 4th]…I'm not getting firm dates from vendors but have told them we would appreciate delivery of what they do have ready/available ASAP."

(4) By email dated February 28, 2024, Stanley's update to ANCC repeated concerns about vendor delays and uncertainty in terms of delivery dates, and she said "I do not have firm commitment for the furniture delivery date… I will have a list by Friday. We are still waiting for dates for the window treatments and lighting. We are pushing for commitments."

(5) In Stanley's February 29, 2024, email she advised "This is 100% on me. I am doing everything possible to get items to the club in the next two weeks, the vendors know the severity of the issue and are working with me to make this happen."

(6) Similarly, in her March 1, 2024, email, Stanley stated "purchase orders were sent on 11/9/2023 to vendors. Not everything was paid for at this time because they were still working on the credits vs. the new amounts owed…."

21. In addition to the uncertainty concerning the delivery date for the FFE for which ANCC had fully paid LS Interiors to purchase, beginning in late February/early March 2024, representatives of ANCC involved with the Project learned of growing concerns that LS Interiors had not fully paid its vendors and contractors for the Project.

22. Given the growing list of reasons for the delay, and the concerns of non-payment, ANCC requested that Stanley participate in a meeting on Saturday March 9, 2024, with the Project contractors and vendors that had an onsite presence to discuss a schedule and other factors that were important to a smooth and expeditious completion of the Project.

23. ANCC convened the meeting on March 9, 2024, as scheduled, however neither Stanley nor any representative of LS Interiors attended the meeting due to "unforeseen circumstances."

24. During the meeting, ANCC became aware of the extent to which LS Interiors/Stanley were indebted to the vendors and subcontractors.

25. In response to the information obtained during the onsite meeting on March 9, 2024, and Ms. Stanley's failure to attend the meeting, ANCC wrote to Ms. Stanley to demand information about the status of payments to vendors, and demanded further information about the status of the Project, the status of any orders placed by her, payments that have been made and the balance of any funds still in the Defendants' possession.

26. Subsequent investigations by ANCC revealed that there are past-due balances owed to a storage facility (which Stanley indicated she has paid to store the initial FFE that was

to be returned for the $189,000 credit) and has also learned (contrary to Stanleys' representations) that the furniture vendor has not been paid in full as she had represented.

27. Despite receiving a response from Stanley's legal counsel on or about March 11, 2024, and having a telephone call with counsel on March 20, 2024, no further responses have been received by ANCC nor has Stanley otherwise communicated with ANCC concerning the status of the Project, her use of payments made by ANCC to LS Interiors, or the Project accounting.

28. As a result of the events and communications discussed above, on or about March 14, ANCC issued a written notice to LS Interiors terminating the Contract for default.

## Count I
## Breach of Contract
(LS Interiors, LLC)

29. The facts and allegations set forth in the preceding paragraphs are adopted and incorporated by reference as if fully restated herein.

30. As set forth above, ANCC contracted with LS Interiors for full-service design/consultation services together with selection, procurement, and purchase of FFE and other materials and services for the Project.

31. Despite LS Interiors' and Stanley's representations concerning the ability to deliver FFE in the month of January 2024 as required by the parties' Contract and agreements, and despite having been paid in full for the Contract services and the purchase and delivery of the FFE, the FFE has not been delivered, and the Project is otherwise incomplete.

32. Moreover, ANCC is informed and believes that LS Interiors/Stanley has failed to purchase the FFE as required, even though LS Interiors has been fully funded by ANCC to make the purchases on its behalf.

33. The failure of LS Interiors to fully, timely and competently complete the Contract services constitutes a breach of Contract for which ANCC has and will continue to suffer extensive damages well in excess of $75,000.00.

WHEREFORE, Plaintiff Army Navy Country Club respectfully seeks a money judgment against Defendant LS Interiors, LLC in the amount of not less than $75,000.00 and such other amounts as may be proven at the time of trial in this matter, together with interest and attorneys' fees as may be recoverable under applicable law.

## Count II
### Intentional Misrepresentation/Fraud
(LS Interiors, LLC and Stanley)

34. The facts and allegations set forth in the preceding paragraphs are adopted and incorporated by reference as if fully restated herein.

35. As set forth above, Stanley uttered false and misleading statements to ANCC to induce ANCC to enter into replacement PO 49326.

36. In reliance upon Stanley's false statements indicated above, and other representations of Stanley, ANCC issued a supplemental payment of $220,756.27 to Stanley in connection with PO No. 49326 and has otherwise paid her the sum of $467,083.25.

37. Despite LS Interiors' and Stanley's representations concerning the ability to deliver FFE in the month of January 2024 as required by the parties' Contract and agreements, and despite having been paid in full for the Contract services and the purchase and delivery of the FFE, the FFE has not been delivered, and the Project is otherwise incomplete.

38. Upon information and belief, Defendants have misappropriated the funds paid by ANCC under the Contract and have converted a substantial portion of the funds to the personal use and benefit of the Defendants.

39. ANCC reasonably relied upon the false statements and representations made by Stanley.

40. Stanley knew her representations to ANCC concerning the status of payments to the FFE vendors, the availability of the FFE for delivery, and the status of payment for the FFE were false.

41. Included among the false statements made by Defendants was the representation that the original FFE vendor would recognize a credit of at least $189,021.73, even though the Defendants had not paid the vendor that amount or any amount close to that balance.

42. The false statements made by Stanley were made for the purpose of inducing ANCC to agree to the additional PO No. 49326 and to advance additional funding of $220,756.27.

43. As a direct result of the Defendants' misrepresentations, the Plaintiff ANCC has and will incur damages of at least $75,000 but more likely the full cost of at least $354,000 to purchase replacement FFE, plus costs that ANCC will incur to satisfy LS Interiors' other vendors and subcontractors who remain unpaid.

44. Stanley's intentional fraud constitutes *ultra vires* grounds for piercing the "corporate veil".

45. Stanley's intentional fraud constitutes grounds for awarding punitive and exemplary damages.

WHEREFORE, Plaintiff Army Navy Country Club respectfully seeks a money judgment against Defendants Lisa D. Stanley (a/k/a Lisa D. Gorczynski) and LS Interiors, LLC, jointly and severally, in an amount of not less than $75,000.00 and as otherwise may be established at the

time of trial in this matter, together with accrued interest, punitive damages, and attorneys' fees, and costs, and any and all other relief to which Plaintiff may be entitled by contract or at law.

        Respectfully submitted,

        /s/ *Howard S. Stevens*
        Howard S. Stevens, USDC #25587
        MD AIS No. 9806240239

        /s/ *Meighan G. Burton*
        Meighan G. Burton, USDC #28022
        MD AIS No. 0512140002

        Pascale Stevens, LLC
        2700 Lighthouse Point East Suite 500
        Baltimore MD 21224
        Tel: (443) 863-5758
        hstevens@pascalestevens.com
        mburton@pascalestevens.com
        *Attorneys for Plaintiff*