IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ARMY NAVY COUNTRY CLUB, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 24-848-BAH |
| LS INTERIORS, LLC, et al., | * |
| Defendants. | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Army Navy County Club ("Army Navy") filed an application for a writ of attachment before judgment, attaching an affidavit of John H. Ladd, treasurer of Army Navy. ECF 10. Defendants LS Interiors, LLC ("LS Interiors"), and Lisa D. Stanley ("Stanley") (collectively, "Defendants") filed an opposition, attaching Defendants' design proposal as well as numerous purchase orders. ECF 24. Army Navy filed a reply and attached as an exhibit the docket for Case No. 13-00707-NVA, an adversarial proceeding pending in the United States Bankruptcy Court for the District of Maryland (related to Bankruptcy Case No. 13-23828) which purports to establish a pattern of Defendant Stanley. ECF 26. Army Navy brings two counts against Defendants, breach of contract (count I) and intentional misrepresentation/fraud (count II), in connection with allegedly unrealized contractual obligations to provide interior design services for Army Navy. *See* ECF 1. Specifically, Army Navy seeks the pre-judgment attachment of:

1) All bank accounts in the name of LS Interiors, LLC d/b/a LS Interior Design Group;
2) All bank accounts in the name of Lisa Stanley; and/or
3) Any and all bank accounts in the name of LS Interiors, LLC and/or Lisa Stanley jointly or severally.

ECF 10, at 5. Army Navy elsewhere references "a bank account maintained at the Truist Bank," *id.* at 1, though the location and account numbers of any such accounts have not been provided.

Pursuant to Maryland law,[1] a writ of attachment before judgment may be issued in the following circumstances:

> (b) If the debtor is a nonresident individual, or a corporation which has no resident agent in this State, and:
>> (1) The debtor is a person over whom the court could exercise personal jurisdiction pursuant to §§ 6-102, 6-103, and 6-104 of this article; or
>> (2) The action involves claims to property in this State which property is to be attached; or
>> (3) The action is any other in which the attachment is constitutionally permitted.
>
> **Evasion of service**
>
> (c) If a resident individual defendant or an agent authorized to accept process for a corporation has acted to evade service.
>
> **Flight of debtor from State**
>
> (d) If the debtor has absconded or is about to abscond from the State; or if an individual has removed, or is about to remove, from his place of abode in the State with intent to defraud his creditors.
>
> **Assignment, disposal, concealment, or removal of property with intent to defraud**
>
> (e)(1) If the debtor is about to assign, dispose of, conceal, or remove his property or a portion of it from the State with intent to defraud his creditors; or
>> (2) If the debtor has done any of these acts, or fraudulently contracted the debt or incurred the obligation which is the subject of the pending action.
>
> **Land or interest in land held by descent**
>
> (f) If the debtor is deceased and an adult nonresident is entitled by descent or devise from the debtor to any land or interest in land in the State, an attachment may issue against that land or interest held by descent or devise from the person indebted.
>
> **Home improvement transactions**
>
> (g) If any person who is required to be but is not licensed under the provisions of the Maryland Home Improvement Law, in an action against that person arising out of a home improvement transaction.

---

[1] Pursuant to the Federal Rules, "every remedy is available that, under the law of the state where the court is located, provides for seizing ... property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a).

2

Md. Code Ann., Cts. & Jud. Proc. ("CJP") § 3-303 (footnote omitted). Pursuant to CJP § 3-304, in contract actions, attachments under subsections (b), (d), and (g) of § 3-303, "may issue . . . whether the damages are liquidated or unliquidated." CJP § 3-304(a). Only if the action is based on contract and is for liquidated damages may an attachment be issued under subsections (c), (e), or (f) of § 3-303.[2] CJP § 3-304(b). "The only stated limitations are that the court must act within the limits of its jurisdiction, Section 3–302, and attachment may be issued in any of the circumstances described in Section 3–303." *Fed. Deposit Ins. Corp. v. Rodenberg*, 622 F. Supp. 286, 288 (D. Md. 1985). The Maryland Rules require that upon the issuance of a writ of attachment, the Court also "shall order [that] issuance of the writ [is] conditioned on the filing of a bond by the plaintiff for the satisfaction of all costs and damages that may be awarded the defendant or a claimant of the property by reason of the attachment." Md. Rules 2-115(c). Army Navy requests that this bond be waived. ECF 10, at 4.

Army Navy appears to move under CJP § 3-303(d), *see* ECF 10, at 4 ("[G]iven the liquidity of the substantial funds that the Plaintiff paid to LS Interiors, *in trust for further disbursement* to vendors, suppliers and subcontractors, there is a high likelihood that Stanley's silence and refusal to respond meaningfully as indicated in the Affidavit attached hereto, is an indication that has, or intends to, abscond with the funds in question.") (emphasis in original) and CJP § 3-303(e), *see* ECF 26, at 2 (citing § 3-303(e) and explaining that "Plaintiff has plainly and expressly alleged that the Defendants have fraudulently contracted the obligation(s) which are the subject of the pending action, thereby satisfying the framework of the Statute").

---

[2] Plaintiff "seek[s] a liquidated amount in accordance with Section 3-304(b) of the Statute." ECF 26, at 5; *see also* ECF 1, at 9–10.

3

Army Navy points only to the liquid nature of the funds it paid to LS Interiors, "*in trust for further disbursement* to vendors, suppliers and subcontractors" as evidence that Stanley "has, or intends to abscond with the funds in question." ECF 10, at 4 (emphasis in original). While not necessarily a basis on which to issue a pre-judgment writ of attachment, Army Navy also points to the difference in the relatively large amount it paid to Defendants and the relatively small amounts paid by Defendants to vendors as establishing a "substantial likelihood that Stanley has fraudulently converted the funds paid by the Plaintiff for her own use." *Id.* at 3–4. In reply, Army Navy asserts that it "has plainly and expressly alleged that the Defendants have fraudulently contracted the obligation(s) which are the subject of the pending action, thereby satisfying the framework of the Statute." ECF 26, at 2. But Maryland Rule 2-115 requires that a motion for a pre-judgment writ shall include "an affidavit verifying the facts set forth in the complaint and stating the grounds for entitlement to the writ." Md. Rules 2-115(a). The affidavit of John H. Ladd, treasurer of Army Navy, "confirm[s]" the allegations in the complaint "to the best of [Mr. Ladd's] personal knowledge, information and belief." ECF 10-1, at 1–2 ¶ 5. Mr. Ladd states that after he "became concerned about the status of performance by the Defendants under the contractual agreements," he "scheduled a meeting with all of the Project participants on March 9, 2024." *Id.* at 2 ¶¶ 6–7. Defendants did not show up to the meeting, and Army Navy subsequently terminated the contract for default. *Id.* ¶¶ 8, 10.

The affidavit does not establish that Defendants have absconded or are about to abscond from Maryland or that Defendants have disposed of, concealed, or removed from the state any of the money at issue. And while the "Complaint to Determine Dischargeability of Debt" may help illustrate a concerning pattern of behavior, *see* ECF 26-1, it does not establish that Defendants have or will abscond or dispose of or conceal the money at issue. Consequently, Army Navy has

4

not met its burden of establishing that it is entitled to a pre-judgment writ of attachment. Contrary to Army Navy's assertion, *see* ECF 26, at 2, merely alleging fraud is not sufficient to satisfy the statute; there must be some evidentiary support for the attachment. *See* Md. Rule 2-115(a) (requiring an affidavit); *see, e.g., Phyllis J. Outlaw & Assocs. v. Graham*, 912 A.2d 64, 72 (Md. App. 2006) ("There is no evidence supporting either of the grounds [of §3-303] to which we have been referred."); *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, Civ. No. PJM 22-2369, 2023 WL 5723076, at *7 (D. Md. Sept. 5, 2023) (finding pre-judgment writ of attachment appropriate under Md. Rule 2-651 after reviewing "a number of documents" from an officer of the plaintiff company "who has attested that he spent many hours reviewing financial records . . . to try and substantiate the claims [the plaintiff] is making regarding the role Defendants and their properties played in the alleged international embezzlement scheme").

Army Navy also asserts that "equity weighs in favor" of pre-judgment attachment because "the funds in question are *trust funds* in the hands of LS Interiors." ECF 10, at 4 (emphasis in original). Maryland courts have cautioned, however, that "[p]atently, except as provided by statute, neither equity nor fundamental fairness will allow the prejudgment attachment of an alleged debtor's assets merely because a complaint asserts that the debtor has perpetrated a fraud." *Levitt v. State of Md. Deposit Ins. Fund Corp.*, 505 A.2d 140, 146 (Md. App. 1986). "If that were the law, one can foresee that virtually every complaint would assert fraud, if for no other reason than to create a more advantageous position for the claimant by permitting him a measure of control over a defendant's assets." *Id.* However, "when fraud is alleged and the facts as pleaded indicate a substantial likelihood of fraud, as well as the probability that the defendants will, before judgment, dispose of assets fraudulently acquired, a court has jurisdiction to enjoin the defendants' dissipation of assets." *Id.* at 147.

Here, beyond alleging that Defendants committed fraud, Army Navy has not established a substantial likelihood of fraud or the probability that Defendants will dispose of assets fraudulently acquired. Moreover, Army Navy seeks only legal relief in the form of money damages, not equitable relief. *See* ECF 1, at 9–10 ("Plaintiff Army Navy Country Club respectfully seeks a money judgment . . . , together with accrued interest, punitive damages, and attorneys' fees, and costs, and any and all other relief to which Plaintiff may be entitled by contract or at law."). Because of the purely legal relief sought and because of Plaintiff's failure to establish that a pre-judgment writ is warranted under the statute, there is no equitable basis for issuing a pre-judgment writ of attachment. *U.S. ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 499 (4th Cir. 1999) ("Of course, . . . these pleading rules do not abolish the substantive requirements for obtaining relief, and a remedy in equity remains justified only when otherwise authorized and when legal remedies are inadequate.").

Further, this Court may only issue a writ of attachment over property in Maryland. *Cap. Source Fin., LLC v. DeLuca*, Civ. No. DKC 2006-2706, 2006 WL 8457111, at *1 (D. Md. Nov. 9, 2006) (citing *Fed. Deposit Ins. Corp.*, 622 F. Supp. at 287–88). While Stanley and LS Interiors appear to be Maryland residents, *see* ECF 1, at 1, it is not clear that the property over which Army Navy seeks to obtain the attachment is located in Maryland.

For these reasons, the application for pre-judgment writ of attachment, ECF 10, is DENIED. A separate implementing order will issue.

Date: November 19, 2024

/s/
Brendan A. Hurson
United States District Judge

6